# EXHIBIT A

SUMMONS AND RETURN OF SERVICE – Page 2

Glen H. Chulsky, Esq.
410 Route 10 West, Suite 210
Ledgewood, NJ 07852
(973) 252-9000 – Phone
Attorney for Plaintiff

| | |
|---|---|
| Demand Amount | $6,500 00 |
| Filing Fee | $50 00 |
| Service Fee | $7 00 |
| Attorney's Fee: | $ 0 00 |
| TOTAL: | $6,557 00 |

Rita Adler and Ariel Barel,

Plaintiffs,

vs

National Enterprise Systems, Inc. d/b/a
National Enterprise Systems,

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
PASSAIC COUNTY - LAW DIVISION
SPECIAL CIVIL PART
77 Hamilton Street
Paterson, NJ 07505
(973) 247-8268 Phone

Docket No DC-   DC-013370-09

SUMMONS

[X] Contract   or Tort

## DEFENDANT'S INFORMATION:

National Enterprise Systems, Inc. d/b/a National Enterprise Systems
29125 Solon Road
Solon, Ohio 44139
(800) 882-9325 telephone

FILED JUL 20 2009

Date Served: **07/25/2009**

### RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____   Date: _____   Time: _____
WM___ WF___ BM___ BF___ OTHER___ HT___ WT___ AGE___ MUSTACHE___ BEARD___ GLASSES___
NAME: _____   RELATIONSHIP: _____
Description of Premises: _____

I hereby certify the above to be true and accurate:

_____ Court Officer

### RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Mercy Echenique, hereby certify that on 07/25/2009, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested

_____ Employee Signature

Glen H. Chulsky, Esq.
Law Office of Glen H. Chulsky
410 Route 10 West, Suite 210
Ledgewood, NJ 07852
(973) 252-9000 - Phone
Attorneys for Plaintiffs

Rita Adler and Ariel Barel,

    Plaintiffs,

vs.

National Enterprise Systems, Inc. d/b/a
National Enterprise Systems,

    Defendant(s).

SUPERIOR COURT OF NEW JERSEY
PASSAIC COUNTY - LAW DIVISION
Special Civil Part

Civil Action    DC-013370-09

Docket No.

**COMPLAINT**

Plaintiffs, Rita Adler and Ariel Barel, by way of Complaint against Defendant say:

### ALLEGATIONS OF FACT

1. Plaintiffs Rita Adler and Ariel Barel, (hereinafter, Adler, Barel or Plaintiffs) reside in Wayne, New Jersey.

2. National Enterprise Systems, Inc. d/b/a National Enterprise Systems (hereinafter, NES or Defendant) maintains a location at 29125 Solon Road, Solon, Ohio 44139.

3. Jurisdiction and venue are proper in Passaic County, New Jersey as Plaintiffs reside there and the alleged violations of law occurred there.

4. The principal business engaged in by NES is the collection of debts.

5. The principal business engaged in by NES is the collection of consumer debts.

6. The principal business engaged in by NES is the collection of debts, which debts were incurred primarily for personal, family or household purposes.

7. NES regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

8. NES regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another.

9. NES regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

Page 1 of 6

10. NES uses the mail or other instruments of interstate commerce in its attempts to collect debts owed or due or asserted to be owed or due another.

11. NES uses the mail or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another

12. NES uses the mail or other instruments of interstate commerce in its attempts to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

13. On information and belief, NES is a "debt collector" within the scope of the definition contained in 15 U.S.C. 1692a(6) and interpretations thereof.

14. NES began collection efforts against Adler for an alleged amount owed to Chase Bank, USA, N.A.

15. On or about July 28, 2008, an employee and/or representative of NES who identified himself as "Jon Devaraux" made a telephone call to Adler.

16. During this telephone call, Adler gave the employee and/or representative of NES who identified himself as "Jon Devaraux" permission to speak with her daughter, Karen Barel.

17. That same day, the employee and/or representative of NES who identified himself as "Jon Devaraux" made a telephone call to the telephone number he was given for Karen Barel

18. At some point during the telephone conversation between Karen Barel and the employee and/or representative of NES who identified himself as "Jon Devaraux" on or about July 28, 2008, Ms Barel put "Jon Devaraux" on hold.

19. Ms. Barel handed the telephone to her husband Ariel Barel.

20. Mr Barel took the telephone from his wife and engaged "Jon Devaraux" in a telephone conversation.

21. During this telephone call with Barel, "Jon Devaraux" was abusive, belligerent and overly aggressive yelling comments at Barel such as but not limited to:

"What is your reason for coming on the phone anyway?"
"Are you coming on the phone to resolve this or not?"
"If not, there's nothing for you and I to talk about sir"
"Again, are you trying to resolve the matter?"
"What are you prepared to do?"
"Are you prepared to pay this?"

22. Only after making the aforesaid comments and identifying the matter to Barel did "Jon Devaraux" state that he needed to get permission from Adler to speak with Barel.

23. During this telephone conversation, "Jon Devaraux" called Adler and obtained permission from

Adler to speak with Barel.

24. During this telephone call with Barel and after outlining settlement offers, "Jon Devaraux" stated:

"If she declines that, this account will be forwarded over for legal actions in the state of New Jersey for which she'll definitely be responsible for well over $10,000 if we have to do that because it includes every legal avenue that we have to take to resolve this account."

25. At least twice during the telephone conversations outlined herein, the employee and/or representative of NES who identified himself as "Jon Devaraux" stated that the balance owed was only $4,669.

26. Barel ended the telephone call with "Jon Devaraux" by stating that he would look into the matter and call him back in 20 minutes.

27. That same day, Barel telephoned the employee and/or representative of NES who identified himself as "Jon Devaraux" at the number he had given to Barel.

28. Barel advised "Jon Devaraux" that he spoke with Adler and she stated that she had no recollection about this account whatsoever.

29. "Jon Devaraux" responded to this statement by chuckling at Barel.

30. During this telephone conversation, "Jon Devaraux" stated that "this account is on a time constraint basis" and "by the time we're done with this, she'll be paying for well over $10,000."

31. During this telephone conversation, "Jon Devaraux" also stated that "she is going to pay it – there is no way around it."

32. Barel advised "Jon Devaraux" that Adler was in a nursing home and had no money to pay the account.

33. In response, "Jon Devaraux" told Barel that a Summons would go out on Monday and that "you think she struggled paying $198 a month, why don't you try well over $500 a month. I'm 100% positive that's what they're going to charge her with."

34. "Jon Devaraux" also stated during this telephone conversation that "age is not a factor", "we'll go ahead and have it court ordered. She's going to have to pay it and they're not going to negotiate anything once it gets to the courtroom, trust me."

35. On or about April 1, 2009, Adler was served with a claim, which was filed with the National Arbitration Forum, for the alleged Chase Bank, USA, N.A. debt.

36. According to the claim, Adler was liable for $4,669.67 plus interest at the statutory rate authorized by the state of Delaware from the date of the filing, costs of the arbitration and service expenses.

37. Upon information and belief, the claim against Adler was ultimately dismissed.

38. All of the conduct by NES's employees and/or its representatives as alleged herein occurred within one year of the filing of this complaint

39. The debt alleged to be owed by Adler, which Defendant was attempting collection of, is a consumer debt.

40. Plaintiffs are consumers in connection with the alleged debt for which Defendant was attempting to collect.

### FIRST COUNT
### (Fair Debt Collection Practices Act)

41. Plaintiffs repeat and reallege all prior allegations as if set forth at length herein.

42. This Court has jurisdiction over this matter alleging violations of the Fair Debt Collection Practices Act (hereinafter, FDCPA) 15 U.S.C. 1692 et seq. pursuant to 15 U.S.C 1692k(d).

43. Defendant violated 15 U.S.C. 1692 et seq. of the FDCPA in its interactions with and collection attempts against the Plaintiffs.

44. Defendant violated 15 U.S.C. 1692c(b) of the FDCPA by communicating with a third party in connection with the collection of the alleged debt without having permission to do so.

45. Defendant violated 15 U.S.C 1692d of the FDCPA by engaging in harassing and/or abusive conduct.

46. Defendant violated 15 U.S.C. 1692e of the FDCPA by using false, deceptive or misleading misrepresentations or means in connection with Defendant's attempted collection of the alleged debt from the Plaintiffs.

47. Defendant violated 15 U.S.C. 1692e(2) of the FDCPA by making a false representation as to the character, amount or legal status of the alleged debt.

48. Defendant violated 15 U.S.C. 1692e(5) of the FDCPA by threatening to take an action that could not be legally taken or that was not intended to be taken.

49. Defendant violated 15 U.S.C. 1692e(7) of the FDCPA by engaging in conduct in order to disgrace Adler

50. Defendant violated 15 U.S.C 1692e(10) by using a false representation or deceptive means in its attempt to collect the alleged debt.

51. Defendant violated 15 U.S.C. 1692f of the FDCPA by using unfair and unconscionable means in its attempt to collect the alleged debt from the Plaintiffs

52. Plaintiffs have suffered actual damages, including but not limited to, severe stress and

aggravation and other damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA.

## SECOND COUNT
### (Negligence)

53. Plaintiffs repeat and reallege all prior allegations as if set forth at length herein

54. Defendant owed the Plaintiffs a duty of care.

55. Defendant owed the Plaintiffs a duty of care created by the FDCPA, which established a certain standard of conduct in order to prevent the types of harm inflicted on the Plaintiffs.

56. Defendant acted unreasonably and in violation of the aforesaid duties.

57. Defendant breached the duties of care that he owed to Plaintiffs.

58. As a direct and proximate result of the foregoing negligence of Defendant, Plaintiffs have suffered damages, including nominal damages.

## THIRD COUNT
### (Agency/Respondeat Superior)

59. Plaintiffs repeat and reallege all prior allegations as if set forth at length herein.

60. Defendant is liable to Plaintiffs for the acts of its employees and agents.

61. The acts committed by its agents and employees were committed within the scope of their employment or agency relationship with Defendant. The wrong is of the kind that the agent or employee is engaged to perform, occurred within the time and space limits of the relationship, was actuated at least in part by a purpose to serve the principal or employer and Defendant actually received a benefit from wrongful acts of its employees or agents.

62. Defendant intended the acts or results of its employees and agents.

63. Defendant was reckless or failed to exercise reasonable care over its employees and agents

64. The wrongful acts committed against plaintiffs by Defendant's employees or agents were especially egregious, and Defendant's upper management through its employees, agents and others actually participated in the wrongful conduct or demonstrated willful indifference.

65. Defendant approved of the acts and the results obtained by its employees and agents.

66. Defendant ratified the acts and the results obtained by its employees and agents.

67. Defendant as principal is responsible in Respondeat Superior and Agency for any and all damages for which its employees and agents may be found liable.
WHEREFORE, each Plaintiff demands judgment against the Defendant as follows:

a. For declaratory judgment that Defendant violated the FDCPA (15 U.S.C. 1692 et seq.);

b. For actual damages;

c. For compensatory damages;

d. For maximum statutory damages under the FDCPA (15 U.S.C. 1692 et seq.) and all other applicable statutes,

e. For reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3), including attorney's fees in excess of the jurisdictional limit of the Special Civil Part pursuant to Lettenmaier v. Lube Connection, Inc., 162 N.J. 134 and Surf Cottages Homeowners Association, Inc. v. Janel Associates, Inc., 362 N.J. Super. 70 together with costs of suit in connection with this action;

f. For equitable relief;

g. For pre-judgment and post-judgment interest; and

h. For such other and further relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Glen H. Chulsky, is hereby designated as trial counsel for the plaintiffs, in the above matter.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party who should be joined in the action at this time.

By: _____
GLEN H. CHULSKY
Attorney for Plaintiffs

Dated: July 17, 2009

Glen H. Chulsky, Esq.
Law Office of Glen H. Chulsky
410 Route 10 West, Suite 210
Ledgewood, NJ 07852
(973) 252-9000 - Phone
Attorneys for Plaintiffs

FILED
JUL 20 2009
PASSAIC CO SPECIAL CIVIL PART

---

Rita Adler and Ariel Barel,

    Plaintiffs,

vs.

National Enterprise Systems, Inc. d/b/a
National Enterprise Systems,

    Defendant(s).

SUPERIOR COURT OF NEW JERSEY
PASSAIC COUNTY - LAW DIVISION
Special Civil Part

Civil Action

Docket No.

CERTIFICATION OF DILIGENT INQUIRY

---

I, Glen H. Chulsky, being of lawful age and duly sworn according to law, upon my oath deposes and says:

1. I am the attorney for the Plaintiffs in the above captioned matter, and I am fully familiar with the facts of this matter and make this certification on personal knowledge

2. I made a diligent effort to locate the Defendant, National Enterprise Systems, Inc. d/b/a National Enterprise Systems within the State of New Jersey.

3. Specifically, I did the following to locate an address for service on the Defendant in the State of New Jersey:

    a    A review of the information provided by the Plaintiff.

    b.    An address search conducted via the internet using search engines such as Google.

4. I have been unable to find a New Jersey address for the Defendant, however I have located the Defendant at:

    National Enterprise Systems, Inc.
    29125 Solon Road
    Solon, Ohio 44139

5. As such, I am not aware of any method to have a summons and complaint served upon the Defendant within the State of New Jersey.

6.  I request that the Court permit service of the summons and complaint at the address shown herein and in the summons.

## CERTIFICATION IN LIEU OF OATH

I certify that the foregoing statements made by me are true. I am aware that if any of the following statements made by me are willfully false, I am subject to punishment.

*Glen H. Chulsky*

Dated: July 17, 2009